UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURETRAK, INC., | Case No.  2:23-cv-0540-DC-JDP |
| Plaintiff, | |
| v. | ORDER |
| JONTAE JAMES, *et al.*, | |
| Defendants. | |

Plaintiff Naturetrak, Inc. and defendant Jontae James, Sean Kammerich, and Hybrid Financial Services Group entered into a settlement agreement on December 9, 2025.  Pending before the court are plaintiff's request to seal documents, ECF No. 49, and motion to enforce the settlement agreement, ECF No. 50.  Plaintiff's request to seal is denied.  Plaintiff shall, within fourteen days, file a renewed motion to enforce that complies with the court's local rules and the parties' protective order.

Courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file a document under seal "bears the burden of

1

overcoming this strong presumption by" articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178 (citations omitted).

"[T]he mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information." *Helix Environmental Planning Inc. v. Helix Environmental and Strategic Solutions*, No. 3:18-cv-02000-AJB-AHG, 2021 WL 120829, at *1 (S.D. Cal. Jan. 13, 2021); *see also FTC v. AMG Servs.*, No. 2:12-cv-00536-GMN-VCF, 2020 U.S. Dist. Lexis 232231, at *5 (D. Nev. Dec. 10, 2020) ("[T]he confidentiality of the settlement agreement alone does not provide a compelling reason to seal.").

Under the court's local rules, "[d]ocuments may be sealed only by written order of the Court, upon a showing required by applicable law." E.D. Cal. L.R. 141(a). A party seeking to file documents under seal must submit a Request to Seal Documents, which "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

Plaintiff fails to specifically address how the documents it requests to be filed under seal meet the compelling reason standard for sealing. *See Kamakana*, 447 F. 3d at 1179; *see also Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 59886570, at *1 (N.D. Ca. Nov. 29, 2012). Plaintiff states that the documents "describe the terms and conditions of the parties' settlement agreement that are subject to a contractual provision requiring nondisclosure" and the parties agreed at the settlement conference to keep these documents confidential. ECF No. 49-1 at 3. Plaintiff argues that the public policy interest of fostering settlement is a compelling and specific reason to seal these documents. *Id.* Plaintiff also notes that it used the "least restrictive method to ensure confidentiality" by sealing only certain portions of the motion to enforce and accompanying declaration. *Id.*

Plaintiff's conclusory statements do not provide adequate justification for sealing. It is true that courts in the Ninth Circuit have in certain instances accepted private confidentiality agreements as "good cause" justification for sealing non-dispositive motions and ancillary

2

documents, *see, e.g.*, *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 6086075, at *2 (W.D. Wash. Nov. 19, 2013), but the mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a *compelling* reason to seal the information, *see Foltz*, 331 F.3d at 1137-38 (finding that the "compelling reasons" standard applies to a motion to enforce settlement agreement because granting that motion would "serve as a substitute for trial" and dispose of this proceeding); *see also Select Portfolio Servicing v. Valentino*, No. C 12-0334 SI, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013) ("That [the parties] agreed among themselves to keep the settlement details private, without more, is no reason to shield the information from . . . the public at large."); *Helix Env't Plan., Inc.*, 2021 WL 120829, at *1.  More fundamentally, plaintiff asks that the court enforce the terms of the settlement agreement and because those terms are at issue, it is essential that the public be allowed to view the terms to understand these proceedings.

This court acknowledges the general benefits of keeping settlement discussions and agreements confidential when feasible, and that the parties here may prefer to keep the details of their settlement private; "[h]owever, once [parties] turn to the federal court to resolve their disputes. . . ., the public administration of justice demands transparency." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. SACV 16-00300-CJC(RAOx), 2017 WL 2806897, at *8 (C.D. Cal. Mar. 30, 2017).  The court also acknowledges plaintiff's effort to redact only certain portions of the motion to enforce and the accompanying declaration, but, as noted above, the court needs to consider the entire settlement agreement to properly adjudicate the motion to enforce.

Plaintiff will be provided fourteen days to file a motion to enforce and any accompanying declaration that complies with the court's local rules and the parties' protective order.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to seal, ECF No. 49, is DENIED.

2. Plaintiff is granted fourteen days from the date of this order to file a motion to enforce and any accompanying declaration that complies with the court's local rules and the parties' protective order.

IT IS SO ORDERED.


Dated:    April 9, 2026                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE