UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURETRAK, INC.,<br>Plaintiff,<br>v.<br>JONTAE JAMES, *et al.*,<br>Defendants. | Case No. 2:23-cv-0540-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is plaintiff Naturetrak, Inc.'s motion to reopen and enter stipulated judgments following defendant Kammerich's and James's breach of the settlement agreement. Defendants have not responded to the motion. For the following reasons, I recommend that plaintiff's motion be granted.

**Background**

On March 21, 2023, plaintiff filed this action against defendants, alleging claims for: (1) Misappropriation of Trade Secrets in Violation of the Defendant Trade Secrets Act, 18 U.S.C. Section 1836; (2) Misappropriation of Trade Secrets in Violation of California Uniform Trade Secrets Act, Cal. Civil Code Section 3426; (3-4) Breach of Contract; (5-6) Violation of California Penal Code Section 502(c)(2); (7) Intentional Interference with Prospective Economic Advantage; (8) Violation of California Business and Profession's Code Section 17200; (9-10) Breach of Fiduciary Duty; and (11) Tortious Interference with Contract. ECF No. 1.

On December 9, 2025, the parties attended a settlement conference with the undersigned. ECF No. 46. The case settled, and the court ordered the parties to finalize the long form settlement agreement within thirty days. *Id.* At the request of plaintiff, the court held a status conference on January 22, 2026. ECF No. 48. At the hearing, the court instructed the parties that the case was considered settled as of December 9, 2025. The court further discussed the issues of attorney's fees and defendants' potential bankruptcy. Following the hearing, plaintiff filed a motion to enforce the settlement agreement and request to seal the settlement agreement. ECF Nos. 48 & 49. The court heard oral argument on the motions, ECF No. 53, and later issued a written ruling denying the motion to seal and providing the parties with fourteen days to file a renewed motion to enforce, ECF No. 54. Five days later, the parties filed a stipulation of dismissal. ECF No. 55. In relevant parts, the stipulation reads:

> Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the terms of the Parties' settlement agreement, Jordan Darling ("Darling"), assignee of the claims for Plaintiff NatureTrak, Inc. ("NatureTrak"), and Defendants Jontae James, and Sean Kammerich ("Defendants," and collectively with Darling, the "Parties"), by and through their undersigned counsel, hereby stipulate that this action and all claims asserted by NatureTrak be dismissed with prejudice as to all Parties, with each Party bearing its own attorneys' fees, costs, and expenses, and request the Court enter an order to such effect. Further, pursuant to the settlement agreement, the Parties also request that the Court retain jurisdiction for enforcement, if necessary, of the settlement agreement.

*Id.* Judge Coggins issued the following order in response:

> On 4/15/2026, the parties filed a Stipulation to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Pursuant to the parties' Stipulation, this action is DISMISSED with prejudice. All pending deadlines and hearing dates in this action, if any, are VACATED. Further, Plaintiff's Motion to Enforce the Settlement Agreement is DENIED as MOOT. The Clerk of the Court is DIRECTED to close this case.

ECF No. 56.

Plaintiff then filed the present motion to reopen this action and have the stipulated judgments entered. ECF No. 57. Defendants did not file a response by the deadline, so on August 31, 2026, Judge Coggins issued an order to show cause for defendants' failure to respond by the deadline. ECF No. 58. Defendants' counsel stated in response that his relationship with

defendants terminated after the case was dismissed and he has not been retained or authorized to file a response to plaintiff's motion. ECF No. 59. Judge Coggins thereafter discharged the order to show cause and referred plaintiff's pending motion to me. ECF No. 61.

On October 21, 2026, defendants' counsel filed a proposed substitution of counsel form. ECF No. 62. Therein, he attempted to substitute his client—Kammerich—in as counsel. *Id.* Judge Coggins found that the proposed substitution form did not comply with Local Rule 182(g) and denied the proposed substitution. ECF No. 62. She further instructed that, should counsel seek to withdraw, he must comply with Local Rule 182. *Id.* Defendants' counsel has not filed a motion to withdraw and as such is still counsel for defendants.

**Discussion**

Plaintiff moves to reopen this action so the court can "rescind the Order of Dismissal and enter Stipulated Judgments against the Defendants pursuant to the agreed-upon terms of parties' Settlement Agreement." ECF No. 57 at 5. Following the settlement conference on December 9, 2025, defendant Kammerich and James executed settlement agreements on April 1 and April 7, 2026, respectively. *Id.* Paragraphs B.1 and B.2 of the agreement state:

> 1. James agrees that he will pay [plaintiff] $160,000.00, over 3 years. James agrees that within 90 days of signing this agreement he will pay $5,000.00 and make monthly payments of $4,428.57 for the following 35 months.
>
> 2. Kammerich agrees that he will pay [plaintiff] $160,000.00, over 3 years. Kammerich agrees that within 30 days of signing this agreement he will pay $80,000.000 and make monthly payments of $2,285.71 for the following 35 months.

ECF No. 57-1 at 5.

Paragraphs B.6 and B.7 of the agreement state that if Kammerich or James breach the agreement, plaintiff may file the stipulated judgments. *Id.* at 6. The parties also executed stipulated judgments as part of the agreement, *see id.* at 19, 28.

Plaintiff argues that Kammerich and James have breached paragraphs B.1 and B.2 because they have made no payments to plaintiff. ECF No. 57-1 at 2. Plaintiff sent Kammerich and James, and their attorney, emails notifying them of the breach; he also served notices of default on both Kammerich and James. ECF No. 57-1 at 45-66. Neither defendant responded. In

line with the court's retention of this action to enforce the agreement, and Kammerich's and James's breach, plaintiff seeks to reopen this action to have the stipulated judgments entered.[1]

Federal courts "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6). "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers Int'l Ass'n Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991); *see also Sidewinder Marine, Inc. v. Nescher*, 440 F. Supp. 680, 682 (N.D. Cal. 1976) ("It would be totally inappropriate to allow defendants to strip federal courts of exclusive jurisdiction over a lawsuit merely by entering a settlement in bad faith."). Further, "in the usual litigation context . . . courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).

The court finds that Kammerich and James have violated paragraphs B.1 and B.2 of the agreement. Plaintiff states in his declaration that "neither James nor Kammerich has made a single payment pursuant to Paragraph B(1) and B(2) of the parties' Settlement Agreement." ECF No. 57-1 at 2. What is more, defendants have failed to file any response to plaintiff's motion, thereby effectively conceding that they have breached the agreement. Accordingly, I recommend that plaintiff's motion be granted, this action be re-opened, the Clerk of Court enter the stipulated

---

[1] The court finds that it has jurisdiction over this action. Judge Coggins dismissed this case under Rule 41(a)(1)(A)(ii), which provides that an action may be dismissed when the plaintiff files "a stipulation of dismissal signed by all parties who have appeared." The Supreme Court has held that a district court that dismisses a case under this rule may "embody the settlement contract in its dismissal order . . . *if the parties agree.*" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (emphasis added). Here, the parties agreed that the district court would retain jurisdiction to enforce the agreement and enter the stipulated judgments if necessary. *See* ECF No. 57-1 at 25, 34 ("The undersigned parties hereby fully and expressly consent to the jurisdiction of the United States District Court for the Eastern District of California, including but not limited to the assigned magistrate judge, or any other magistrate judge, to enter the foregoing stipulated judgment. The undersigned parties further agree that this Court, including but not limited to the assigned magistrate judge, or any other magistrate judge, shall retain jurisdiction to enforce the terms of the settlement agreement and stipulated judgment until the full $160,000.000 is paid by Jontae James.").

judgments and thereafter close this case. The stipulated judgment for James is located at Exhibit 2, ECF No. 57-1 at 19-26 and the stipulated judgment for Kammerich is located at Exhibit 3, ECF No. 57-1 at 28-35.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to reopen and enter stipulated judgments, ECF No. 57, be GRANTED.

2. The Clerk of Court be directed to REOPEN this action and enter the stipulated judgments. The stipulated judgment for James is located at Exhibit 2, ECF No. 57-1 at 19-26 and the stipulated judgment for Kammerich is located at Exhibit 3, ECF No. 57-1 at 28-35.

3. After the stipulated judgments have been entered, the Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE